IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Krystal Guinn, *et al.*, Plaintiff, | * | |
| vs. | * | Civil Action No. DRM-25-3073 |
| Gabriel Maher Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Gabriel Maher's Motion for Leave to Conduct Independent Medical Examinations of Plaintiffs. ECF No. 27. For the reasons set forth below, the Court finds that Defendant has not demonstrated good cause to reopen discovery and therefore DENIES the Motion.

## I. Relevant Background

This action arises from a November 22, 2022 motor vehicle accident involving Plaintiffs Krystal Guinn and Mindee Guinn and Defendant Gabriel Maher. Plaintiffs allege that they sustained permanent injuries as a result of the accident. In particular, Plaintiffs' expert disclosures include opinions that Krystal Guinn sustained a permanent cervical spine injury and that Mindee Guinn sustained a permanent worsening of a preexisting knee condition. ECF No. 30 at 2. Plaintiffs also disclosed an opinion that Mindee Guinn sustained a concussion with residual cognitive dysfunction. Defendant disputes the nature and extent of Plaintiffs' claimed damages. *Id.*

Plaintiffs filed this action and served Defendant in September 2025. ECF No. 1. Following the parties' Rule 26(f) conference, Plaintiffs agreed to Defendant's request to extend the deadlines in the Court's original scheduling order by sixty days. ECF No. 30 at 1; *see* ECF No. 11 at 2. On

November 3, 2025, the Court entered an amended scheduling order setting February 16, 2026 as Plaintiffs' expert-disclosure deadline; March 16, 2026 as Defendant's expert-disclosure deadline; May 2, 2026 as the close of discovery; and May 31, 2026 as the dispositive motions deadline. ECF No. 15. No trial date has been set.

On January 29, 2026, Plaintiffs disclosed Dr. Michael Franchetti and Dr. Brandon Cohen as expert witnesses and provided their curricula vitae and reports. ECF No. 30 at 2. Dr. Franchetti was designated to offer opinions concerning, among other things, Plaintiffs' treatment, causation, and permanency, including his opinions that Krystal Guinn sustained a permanent cervical spine injury and that Mindee Guinn sustained a permanent worsening of a preexisting knee condition. ECF No. 30-2 at 2. Dr. Cohen was designated to offer opinions concerning Mindee Guinn's treatment and causation, including his opinion that she sustained a concussion with residual cognitive dysfunction. *Id.* Defendant did not designate a medical expert by the March 16, 2026 deadline.

During discovery, Defendant pursued third-party discovery from Premier Orthopedics, Dr. Franchetti, and Dr. Cohen concerning income generated from medical-legal work. See ECF No. 30 at 5. Defendant represented that this information was relevant to potential financial bias and "essential" to effective cross-examination of Plaintiffs' experts. *Id.* at 3. Discovery closed on May 2, 2026. *Id.* at 1.

Defendant acknowledges that he did not schedule or conduct independent medical examinations ("IMEs") of either Plaintiff before that deadline. ECF No. 27 at 1. According to Defendant, counsel requested on May 11, 2026—nine days after discovery closed—that his assistant schedule the examinations, but the request was not carried out, and the omission was not

discovered until counsel began preparing a status report. *Id.* Defendant attributes the oversight to counsel's workload, including preparation for a two-week trial in another matter. *Id.*

Mindee Guinn gave birth by caesarean section on May 19, 2026, and Plaintiffs indicate that Krystal Guinn is also helping care for the baby, her grandchild. ECF No. 30 at 10.

On June 5, 2026, Defendant moved for leave to conduct IMEs of Plaintiffs, notwithstanding the expiration of both the expert designation and discovery deadlines. Defendant alternatively requests permission for a medical expert to conduct a review of Plaintiffs' records. ECF No. 27. Plaintiffs oppose the motion.

## II. Legal Standard

Once the Court has entered a scheduling order, that order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). The party seeking to modify the scheduling order bears the burden of establishing good cause. *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 588 (D. Md. 2018). In determining whether good cause exists, courts consider (1) "whether the moving party acted in good faith," (2) "the length of the delay and its effects," and (3) "whether the delay will prejudice the non-moving party." *Neal v. United States*, 599 F. Supp. 3d 270, 300 (D. Md. 2022) (quotation omitted). The "touchstone" of the good cause inquiry is diligence; "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Faulconer v. Centra Health*, Inc., 808 F. App'x 148, 152 (4th Cir. 2020) (quotation omitted). If a party is not diligent in seeking to amend the scheduling order, then under Rule 16(b) "the inquiry should end." *G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, 344 F.R.D. 446, 451 (D. Md. 2023) (quoting *Rassoul v. Maximus*, 209 F.R.D. 372, 374 (D. Md. 2002)).

## III. Analysis

Defendant contends that an IME can be completed before any settlement conference or trial and that Plaintiffs therefore would suffer little, if any, prejudice. By contrast, he argues that

Defendant "would suffer extreme prejudice if precluded from having a medical expert at trial." ECF No. 27 at 2.

Plaintiffs argue principally that Defendant failed to act diligently because Defendant knew the substance of Plaintiffs' medical opinions well before both the March 16 expert-disclosure deadline and the May 2 discovery deadline, yet neither designated a medical expert nor sought an IME during discovery. Plaintiffs further contend that permitting an IME now would prejudice them because they relied in preparing their case on Defendant's apparent decision not to designate an expert, and because they no longer have an opportunity within the discovery period to depose a defense examiner or obtain rebuttal testimony. Plaintiffs also contend that requiring examinations during Mindee Guinn's postpartum recovery, and while she and her mother Krystal Guinn are caring for an infant, would impose an additional burden not present during the discovery period. ECF No. 30 at 5-11.

Although Defendant styles his motion as requesting leave to conduct IMEs, granting the requested relief—or the alternative relief of a records review-only expert opinion—would necessarily require modification of the scheduling order and a limited reopening of discovery. Accordingly, Defendant must demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4). See *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, No ELH-22-1956, 2026 WL 368985, at *2 (D. Md. Feb. 10, 2026) (construing a request for additional deposition time after discovery as a request to modify the scheduling order and reopen discovery).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The "touchstone" of that inquiry is diligence, and "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *G.W. Aru, LLC v. W.R. Grace & Co.-Conn.*, No. JKB-22-2636, 2024 WL 2784300, at *1 (D. Md. May 29, 2024)

(quoting *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020)). Thus, where the moving party has not acted diligently, "the inquiry should end." *Id.* (quoting *Rassoull v. Maximus*, 209 F.R.D. 372, 374 (D. Md. 2002); *see also Gagnon v. TMS Neurohealth Ctr. Servs. LLC*, No. PX-25-1434, ECF No. 22 at 1 (D. Md. Apr. 1, 2026) ("Lack of diligence and carelessness are the hallmarks of failure to meet the good cause standard.").

Here, Defendant has not demonstrated the requisite diligence. The Court's amended scheduling order set March 16, 2026 as Defendant's deadline to make Rule 26(a)(2) expert disclosures and May 2, 2026 as the close of discovery. Plaintiffs, meanwhile, disclosed their medical experts on January 29, 2026, including opinions that Krystal Guinn sustained a permanent cervical spine injury and that Mindee Guinn sustained worsening of a preexisting knee condition. Therefore, Defendant knew well before the close of discovery that Plaintiffs intended to place the nature, causation, and permanency of their injuries at issue. Yet, Defendant neither designated a medical expert by March 16 nor sought an IME before discovery closed on May 2.

Indeed, the record demonstrates that Defendant was actively litigating issues concerning Plaintiffs' medical experts during this same period. Defendant pursued third-party discovery concerning the income Plaintiffs' experts derived from medical-legal work and represented that such information was "essential" to Defendant's ability to effectively cross-examine those experts. Defendant thus had actual notice of Plaintiffs' experts and the substance of their anticipated testimony while sufficient time remained to seek an examination of Plaintiffs. Nothing in Defendant's motion identifies information learned late in discovery that newly created the need for an IME.

Defendant instead acknowledges that no effort was made to schedule the examinations until May 11, 2026—nine days after discovery had already closed—and that counsel did not

discover until later that the examinations had not been scheduled by his assistant. Defendant attributes the omission principally to counsel's workload, including preparation for a two-week trial in an unrelated matter. Those circumstances do not establish that the scheduling order deadline could not reasonably have been met despite diligent efforts. Rather, they reflect that Defendant failed to pursue the examinations within the time allotted by the Court.

Recent decisions in this District are instructive. For example, in *Garnett v. Aerotek, Inc.*, the Court denied a request to modify the scheduling order where the underlying discovery issue had been known for approximately six months, but the movant waited until the discovery deadline to seek relief. The Court concluded that the movant had "failed to show good cause for her failure to raise this issue with the Court in a diligent manner." No. SAG-25-01467, ECF No. 47 at 2 (D. Md. June 30, 2026).

The same reasoning applies here. Defendant knew the nature of Plaintiffs' claimed injuries, received Plaintiffs' expert disclosures more than three months before discovery closed, and actively pursued discovery directed at those experts. Nevertheless, Defendant allowed both the expert disclosure deadline and the discovery deadline to expire without seeking an IME or requesting an extension of either deadline. Even where a party has undertaken some efforts to obtain discovery, waiting until the final days of discovery may demonstrate insufficient diligence. See *G.W. Aru*, 2024 WL 2784300, at *2 (denying request for post-deadline discovery where the defendant had "ample opportunity" to pursue the information earlier rather than waiting until the final days of fact discovery). Here, Defendant did not attempt to schedule the IMEs until after discovery had already closed.

Nor does Defendant's workload alter that conclusion. In *Steve Ching Insurance, Inc. v. Government Employees Insurance Co.*, the Court denied an extension even though counsel

represented that review of a voluminous production by experts had taken "weeks." The Court concluded that counsel nevertheless should have acted as issues arose rather than waiting until the relevant deadlines approached, emphasizing that "[l]ack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" No. PX-23-3033, ECF No. 131 at 3-5 (D. Md. Oct. 28, 2025) (quoting *West Virginia Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001). Defendant's competing professional obligations do not explain why no steps were taken to arrange IMEs during the months before the discovery deadline.

Defendant emphasizes that no trial date has been scheduled and argues that Plaintiffs would suffer little prejudice from the examinations. But prejudice does not substitute for diligence under Rule 16(b)(4). Where the moving party was not diligent, the good-cause inquiry ordinarily ends. *G.W. Aru*, 2024 WL 2784300, at *1; *Terran Biosciences*, 2026 WL 368985, at *2. And even assuming prejudice was independently considered, reopening discovery for IMEs would require Plaintiffs to submit to examinations by a defense expert after the period for expert discovery has expired. Reopening discovery for either IMEs or a record review-only opinion would potentially require additional expert disclosures, depositions, or rebuttal evidence. As *Terran* recognized, courts may properly account for the "ripple effects" associated with reopening discovery and the resulting disruption to the orderly progression of a case.

## IV. Conclusion and Order

For the foregoing reasons, it is ORDERED that Defendant's Motion for Leave to Conduct Independent Medical Examinations of Plaintiffs, ECF No. 27, is DENIED.

Date: August 19, 2026

/s/
Douglas R. Miller
United States Magistrate Judge